# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

RICHARD L. YOUNG                                                                PLAINTIFF

V.                                               CIVIL ACTION NO. 4:19-CV-62-DAS

COMMISSIONER OF SOCIAL SECURITY                                  DEFENDANT

## FINAL JUDGMENT

This cause is before the court on the claimant's complaint for judicial review of an unfavorable final decision by the Commissioner of the Social Security Administration. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds as follows, to-wit:

The plaintiff asserts that the administrative law judge (ALJ) erred in relying on the vocational expert's (VE) assessment of jobs the plaintiff could perform. The error arises from the failure of the ALJ to obtain a reasonable explanation for the conflict between the testimony of the VE and the Dictionary of Occupational Titles (DOT). The court agrees with the plaintiff that this case is indistinguishable from this court's decision in *Everhart v. Commissioner of Social Security,* 2018 WL 361496 (N.D. Miss. July 27, 2018), and like *Everhart*, must be remanded for further consideration.

The ALJ found Young has the residual functional capacity (RFC) to perform a limited range of sedentary work. Among his restrictions the ALJ found Young could occasionally reach overhead bilaterally; could frequently handle or finger with this dominant upper right extremity

1

and occasionally handle or finger with the left upper extremity.  The VE testified to three jobs the claimant could perform.  The ALJ's decision found the VE's testimony was consistent with the DOT.  It was not.  The plaintiff argues that the ALJ failed to recognize and obtain an explanation for a conflict between the VE's testimony and the DOT.

The VE testified that all three jobs—weight tester, fishing reel assembler and stuffer—required frequent reaching and handling, an occasional fingering.  He then testified that each of these jobs would remain available, even with a restriction to occasional handling and fingering in the left upper extremity.  The ALJ, apparently recognized the conflict between the requirement for frequent handling and asked:

> Q.  Okay.  Now some of those, when you were told about the handling and fingering, did have frequent.  But is there a differentiation between the right hand and the left hand, the dominant hand, and the non-dominant hand?
> A.  Well, you could do it with your right hand.
> Q.  Okay.
> A.  Since it's his dominant hand, he could do that? (Transcript 65-66).

The plaintiff argues that the ALJ failed to recognize the conflict between the requirement in each job for frequent reaching and the plaintiff's RFC which restricted his overhead reaching bilaterally to only occasional.  This conflict arises because of the DOT's definition of "reaching."  As this court noted in *Everhart*, the DOT defines "reaching" as "extending the hand(s) and arm(s) in any direction."  App. C, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles C-3;* see also SSR 85-15.  This definition includes reaching overhead.

In this case, as in *Everhart,* the ALJ failed to recognize the conflict between jobs requiring frequent reaching and the RFC which restricted Young to occasional overhead

2

reaching in either arm. The VE failed to provide any explanation for how this claimant within his RFC could perform any of the three jobs the VE listed. There may be an explanation for how the plaintiff could perform these jobs without being able to reach overhead frequently, but none is in the record. In relying on the testimony without obtaining the necessary explanation, the ALJ failed to identify and resolve the conflict as required under SSR 00-04p, 2000 WL 1898704 (Dec. 4, 2000).

The government argues that in failing to question the VE about the conflict Young waived the error citing *Carey v. Apfel*, 230 F.3d 131, 146-47 (5th Cir. 2000). Because *Carey's* waiver ruling predates SSR-00-04p which makes the ALJ responsible for recognizing and resolving conflicts with the DOT, the court rejects the government's waiver argument.

IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is reversed and remanded for further proceedings consistent with the ruling of the court and this judgment.

**SO ORDERED AND ADJUDGED** this the 23rd day of March, 2020.


        **/s/ David A. Sanders**
        **UNITED STATES MAGISTRATE JUDGE**