**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**RICHARD YOUNG**                                                                **PLAINTIFF**

**v.**                                                           **CIVIL ACTION NO. 4:19-CV-62-DAS**

**COMMISSIONER OF SOCIAL SECURITY**                           **DEFENDANT**

<u>**ORDER GRANTING MOTION FOR FEES**</u>

Richard Young filed this civil action on April 24, 2019, to appeal the Commissioner's denial of disability benefits. Docket 1. This court entered an Order remanding this case to the Social Security Administration on March 23, 2020. Docket 19. On April 3, 2020, this court granted the plaintiff an award of attorney's fees totaling $6,875.39 under the Equal Access to Justice Act (EAJA) for 34.04 hours of attorney time. Docket 22.

On February 12, 2021, counsel for the plaintiff filed a motion for attorney's fees under 42 U.S.C. § 406(b)(1). Docket 23. Counsel reports that the plaintiff was successful on remand in obtaining an award of past-due benefits and seeks an award of attorney's fees for services performed in Federal District Court in the amount of $10,952.74. *Id*.

The Agency withheld a total of $18,680.13, twenty-five percent (25%) of the total of the plaintiff's past-due benefits, to pay her representative. *Id*. at 13 Counsel states the $10,952.74 requested in the instant motion constitutes a portion of the 25% fee for work before the agency and federal court which altogether totals $18,680.13. *Id*. at 2 (the $18,680.13 amount is comprised of a $6,000.00 fee for work performed at the administrative level; a $10,952.74 fee under § 406(b)(1) for services performed in Federal District Court; and $1,727.39[1] in EAJA fees which has already been awarded).

---

[1] Counsel explains that despite receiving an EAJA award of $6,875.39, $5,148 was set aside for a child support debt the plaintiff owed. *Id*. at 6. Therefore, "the plaintiff has thus received the benefit of his EAJA

In its response, the Commissioner declines to assert a position on the or reasonableness of counsel's motion for fees "as he is not the true party in interest" and submits the issue for resolution by the court. Docket 24.

Under § 406(b), when a court "renders a judgment favorable to a claimant ... who was represented before the court by an attorney," the court may award "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522, 202 L. Ed. 2d 469 (2019) (quoting 42 U.S.C. § 406(b)(1)(A)).[2] "A contingency fee agreement to pay twenty-five percent of any past-due benefits awarded may set the amount of the Section 406(b) award so long as the amount is reasonable under the facts of the case." *Bays v. Comm'r of Soc. Sec.*, No. 3:15CV00053-JMV, 2017 WL 6499248, at *1 (N.D. Miss. Dec. 19, 2017) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08 (2002)).[3] Fees under both § 406(b) and the EAJA are recoverable, however, the attorney must refund the lesser fee to the claimant. *Id*.

While § 406(b) does not contain a specific time period for the filing of a request for attorney's fees, Federal Rule of Civil Procedure 54(d)(2) requires that the motion be filed "no

---

fee and been awarded that fee since said fee has been utilized on his behalf for the Child Support debt due to Mississippi Dept. of Human Services." *Id*. at 2-3.

[2] "[T]he 25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522, 202 L. Ed. 2d 469 (2019).

[3] In *Gisbrecht*, the Supreme court noted:

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id*. at 807-08, 122 S. Ct. at 1828, 152 L.Ed.2d 996 (internal citations and footnotes omitted).

later than 14 days after entry of judgment." *Pierce v. Barnhart*, 440 F.3d 657, 663 (5th Cir. 2006). It is within the court's discretion to expand the deadline beyond 14 days; therefore, even if a request is made more than 14 days after the district court's order granting remand, a motion for attorney's fees can be timely when filed after the Agency awards benefits to the claimant on remand. *Tate v. Colvin*, No. 3:13CV904-DPJ-FKB, 2016 WL 744474, at *2 (S.D. Miss. Feb. 23, 2016) (citing *Pierce v. Barnhart*, 440 F.3d at 664). The instant motion was filed on February 12, 2021, less than one month after the SSA advised counsel and Mr. Young as to the amount of benefits he would be receiving. Docket 23 at 9. The court therefore finds that counsel's request for fees was made within a reasonable time.

Finding that an award of fees is appropriate, the court now turns to whether the amount requested is proper. Section 406(b) instructs courts to evaluate the reasonableness of fees yielded by attorney-client contingent-fee agreements, acting as an "independent check" on § 406(b) requests to assure that they satisfy the statutory requirement of yielding a "reasonable result" in particular cases. *Gisbrecht v. Barnhart*, 535 U.S. at 807-09. Counsel's request for a total of $10,952.74 from fees withheld from the Agency from the plaintiff's past-due benefits would result in an effective rate of $372.57 per hour for the 34.04 hours of reasonable work expended by counsel before this court.

Following analysis in *Bays v. Commissioner*, the court evaluates the following factors in determining whether this fee is reasonable. *Bays v. Comm'r of Soc. Sec.*, 2017 WL 6499248 (N.D. Miss. Dec. 19, 2017). The court first considers that counsel has presented a contingency-fee agreement signed by the plaintiff, wherein the plaintiff acknowledges that her attorney will seek payment of attorney fees from past-due benefits awarded for representing her in federal court. Second, the court notes that counsel successfully argued the plaintiff's case before this

court and on remand before the Agency. Third, the Fifth Circuit and district courts in this Circuit have acknowledged the high risk of loss inherent in Social Security appeals. *Id*. at *2 (citing *Jeter v. Astrue*, 622 F.3d 371, 379 & n. 9 (5th Cir. 2010)). Fourth, the plaintiff's counsel is an experienced Social Security attorney and there is no indication of undue delay in the record on his part. Finally, the § 406(b) fee requested amounts to approximately 6.8% of the plaintiff's past-due benefits. This amount is within the statutory limit imposed by § 406(b)(1)(A).

Plaintiff's counsel is due to receive $10,952.74, as bargained for in the employment contract. For the foregoing reasons, the plaintiff's Motion for Award of Attorney Fees under 42 U.S.C.§ 406(b)(1) is **GRANTED.** Plaintiff's counsel is awarded $10,952.74, which is to be paid from the plaintiff's past-due benefits withheld by the Agency. Because the plaintiff's counsel credited the amount of the EAJA fees amount she already received in seeking this award, the remaining balance of the plaintiff's past-due benefits withheld by the Agency shall be paid to the plaintiff.

**SO ORDERED**, this the 5th day of March, 2021.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE